Opinion issued February 3, 2026



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00795-CV

———————————

**LALITA R. MOREY, Appellant**

**V.**

**OAKS OF DEVONSHIRE HOMEOWNERS ASSOCIATION, INC., Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1247947**

---

## MEMORANDUM OPINION

Appellant, Lalita R. Morey, filed a notice of appeal of the trial court's July 14, 2025 final judgment. We dismiss the appeal for lack of jurisdiction.

Any party "seek[ing] to alter the trial court's judgment" must timely file a notice of appeal. TEX. R. APP. P. 25.1(c). Generally, a notice of appeal is due within

thirty days after the trial court signs its judgment. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the judgment is signed if, within thirty days after the judgment is signed, a party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 329b. The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party files a notice of appeal and a motion for extension of time to file a notice of appeal that complies with Texas Rule of Appellate Procedure 10.5(b). *See* TEX. R. APP. P. 10.5(b), 26.3.

Here, the trial court signed its final judgment on July 14, 2025. The record does not reflect that any post-judgment motions extending the notice-of-appeal deadline were filed. Appellant's notice of appeal was due within thirty days after the trial court's judgment was signed—on or before August 13, 2025—or by August 28, 2025, with a fifteen-day extension. *See* TEX. R. APP. P. 26.1, 26.3. Appellant filed her notice of appeal on September 23, 2025.

Without a timely filed notice of appeal, we lack jurisdiction over an appeal. *See* TEX. R. APP. P. 25.1. On January 8, 2026, the Clerk of this Court notified appellant that her appeal was subject to dismissal for lack of jurisdiction unless, by January 22, 2026, appellant filed a written response demonstrating that this Court

has jurisdiction over her appeal.  *See* TEX. R. APP. P. 42.3(a).  Appellant filed a response on January 20, 2026, but it does not demonstrate that this Court has jurisdiction over her appeal.[1]

Accordingly, we dismiss the appeal for lack of jurisdiction.  *See* TEX. R. APP. P. 42.3(a), 43.2(f).  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.

---

[1]  We disagree with appellant's statement in her response that the trial court's "July 14, 2025 [o]rder [w]as [n]ot a [f]inal, [a]ppealable [j]udgment."  Further, we note that in her response, appellant requests, if this Court concludes that the trial court's July 14, 2025 judgment constituted a final judgment and her September 23, 2025 notice of appeal was too late to perfect a regular appeal, that the Court construe her notice of appeal as notice of restricted appeal.  We decline to do so because the document filed by appellant on September 23, 2025 does not meet the requirements of a notice of restricted appeal.  *See* TEX. R. APP. P. 25.1(d)(7); *see also Robles v. State*, No. 01-23-00864-CV, 2024 WL 924521, at *1–2 (Tex. App.—Houston [1st Dist.] Mar. 5, 2024, no pet.) (mem. op.) (listing requirements of restricted notice of appeal and stating "[t]he[] requirements are jurisdictional").